## ALDRICH *v.* HAGAN.

A promissory note to which the stamp required by law has been affixed by the collector of the revenue of the proper district, subsequent to the time of making or issuing such note, is as valid to all intents and pur-

poses as if stamped when the note was made or issued; and consequently is admissible, as evidence of the existence of the debt represented thereby.

Assumpsit by John C. Aldrich against John Hagan. The writ was dated April 2, 1869. The only evidence offered by the plaintiff was a note for $200, dated Dec. 18, 1868, payable to the plaintiff or bearer, on demand, with interest annually. It appeared that the note was not stamped until Dec. 19, 1869, when it was duly stamped by the collector of internal revenue, and the penalty remitted. The defendant objected that the plaintiff had no valid claim at the date of the writ; but it was ruled, subject to exception, that the plaintiff could recover on the note.

Verdict for the plaintiff, which the defendant moved to set aside.

*C. W. & E. D. Rand*, for the plaintiff.

*Carpenter*, for the defendant.

FOSTER, J.  A promissory note or other instrument which by the revenue laws is required to be stamped in order to its admissibility in evidence is not absolutely void for want of a stamp, but such instrument may upon certain conditions become as valid, competent, and effectual as if it had been originally stamped.

The act of Congress of June 30, 1864 (St. at Large, ch. 173, § 158, p. 293), as amended by the act of July 13, 1866 (St. at Large, ch. 184, § 9, pp. 142–3), provides that "hereafter in all cases where the party has not affixed to any instrument the stamp required by law thereon at the time of making or issuing the said instrument, and he or they shall be subsequently desirous of affixing such stamp, he or they shall appear before the collector of the revenue of the proper district, who shall, upon the payment of the price of the proper stamp required by law, and of a penalty of fifty dollars," (unless the penalty shall be remitted by the collector, upon proof satisfactory to him that the omission was by accident and not with intent to defraud the United States of the stamp,) " affix the proper stamp," &c., " and the same shall thereupon be deemed and held to be *as valid, to all intents and purposes, as if stamped when made or issued.*"

The language of the statute is too plain to admit of any other construction than such as would give to the note in this case all the validity and competency as an instrument of evidence that it could have if it had been properly stamped as soon as it was made, or as if no stamp had ever been required.  See *Garland* v. *Lane*, 46 N. H. 245 ; *Mason* v. *Cheney*, 47 N. H. 24.

Such is the construction given to analogous provisions of the revenue laws of England. *Delay* v. *Alcock*, 29 Eng. Law and Eq. 83 ; *Rex* v. *Preston*, 5 B. & Ad. 1028.

The note was therefore properly admitted in evidence, and there must be                                    *Judgment on the verdict.*